IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS R. ABRAMS, JR.,                          )
                                                )
                 Plaintiff,                     )
                                                )
          v.                                    )          Civil Action No. 23-2168
                                                )
LELAND DUDEK,[1]                                )
*Acting Commissioner of Social Security,*       )
                                                )
                 Defendant.                     )

O R D E R

AND NOW, this 26th day of March, 2025, upon consideration of the parties' cross-

motions for summary judgment, the Court, after reviewing the Commissioner of Social

Security's final decision denying Plaintiff's claim for supplemental security income under

Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's

findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C.

§ 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of*

*U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v.*

*Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp.

942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1]      Leland Dudek is substituted as the defendant in this matter, pursuant to Federal
Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642

F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff contends the Administrative Law Judge ("ALJ") erred by crafting an inaccurate residual functional capacity ("RFC") that did not include all of his limitations, presenting a different RFC to the vocational expert ("VE"), and inaccurately assessing his listing-level mental impairments.   (Doc. No. 10).    Plaintiff also urges the Court to reverse and award him benefits without remand for further development.    (*Id.* at 33-35). In the alternative, Plaintiff contends that the case should be remanded for further development for consideration of his RFC, listing-level impairments, and available positions.   (*Id.* at 35-36).    Upon consideration of the record, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

The ALJ reviewed all of the evidence and crafted the following RFC for Plaintiff:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: no more than occasionally stoop, kneel, crouch, and crawl; and able to understand, remember, and carry out simple instructions.

(R. 22).    Plaintiff posits that the ALJ erred in crafting this RFC as it did not incorporate several of his alleged impairments.    (Doc. No. 10 at 27-30).    The Court disagrees for the following reasons.

Plaintiff contends the ALJ's RFC finding failed to incorporate his medically prescribed cane, his need for restroom breaks, his time away from work tasks for recurrent diverticulitis, his migraines, his mental health impairments, and time off for absences due to migraines.    (Doc. No. 10 at 27-30).    He further contends that the positions identified by the VE are in conflict with his abilities to stand and walk, and his need for a cane.    (*Id.* at 32-33).    The Court interprets this as a request to reweigh the evidence, as the ALJ explained that these impairments were considered when crafting Plaintiff's RFC. Specifically, the ALJ acknowledged Plaintiff's use of a cane, but concluded such use was not medically necessary as records from December 2019 showed evidence of normal gait and ambulation signs even when Plaintiff was not using a cane.    (R. 25).    Additionally, Jessica Spagnolo, NP, opined that Plaintiff did not need a cane, and the ALJ found this opinion persuasive as to such finding.    (R. 27).    Additionally, the ALJ considered Plaintiff's diarrhea symptoms and diverticulitis and found these were nonsevere gastrointestinal impairments.    (R. 20).    Further, she found that there was little objective evidence confirming diarrhea symptoms in the record and that there was no evidence associated with significant and long-term symptoms and limitations.    (*Id.*).    The ALJ

also found that many of Plaintiff's gastrointestinal and headache symptoms flowed from his spine and mental impairments, which were accounted for in the RFC with a limitation to simple instructions. (*Id.*).   The ALJ also acknowledged Plaintiff's headaches and noted the record showed evidence of improvement and well-managed headaches with medication. (*Id.*).   As to Plaintiff's mental impairments, the ALJ considered Plaintiff's specialized mental health treatment and generally normal mental examinations and found the record was most consistent with a greater capacity for social interaction and simple instructions. (R. 25-26).   As to Plaintiff's standing and walking, the ALJ limited Plaintiff to light work after considering all of the evidence, including the improvement in his spine after treatment and evidence of normal gait and ambulation signs.   (R. 24-25). Accordingly, Plaintiff's argument on this point is without merit.

The Court also rejects Plaintiff's argument that the ALJ erred by presenting a different RFC to the VE in a hypothetical question.   (Doc. No. 10 at 26).   The ALJ relied on the results of the following hypothetical that she posed to the VE:

> Please assume an individual of the Claimant's age, education, and work experience.   This individual would be able to perform light work, lifting up to 20 pounds occasionally and 10 pounds frequently, standing and walking for about six hours, and sitting for up to six hours in an eight-hour workday with normal breaks.   This individual can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, occasionally balance on even terrain, occasionally stoop, kneel, crouch, and crawl.   This individual would need to avoid concentrated exposure to cold, heat, wetness, humidity, vibrations, fumes, odors, dust, gases, and poor ventilation, and unprotected heights.   This individual is able to understand, remember, and carry out simple instructions, and perform simple, routine tasks.   This individual is able to make simple work-related decisions. This individual would require a low-stress work environment, defined as no production-rate pace work but rather goal-oriented work with occasional and routine changes in the work setting.   Routine changes that which does not require alteration in the work method.   Could an individual with these limitations perform the Claimant's past work as it was actually performed or as it is generally performed per the DOT?

(R. 65-66).   The VE responded no and then offered that such an individual could perform the representative occupations of storage facility rental clerk, router, and cafeteria attendant.   (R. 66).   These are the representative occupations the ALJ identified in her decision.   (R. 29).

This VE hypothetical and the ALJ's RFC determination were based, in part, on the opinions of the state agency physical reviewers.   In analyzing these opinions, the ALJ

explained some of the limitations included in Plaintiff's RFC.    One of these reviewers opined that Plaintiff be limited to light exertion except for frequent or occasional postural maneuvers, including occasionally balancing and stooping; frequently kneeling, crouching, and crawling; and environmental restrictions, including avoiding even moderate exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation.    (Ex. C1A/13).    The other reviewer agreed except she suggested that Plaintiff would be able to occasionally climb ramps and stairs, balance, and stoop; frequently kneel, crouch, crawl; never climb ladders, ropes, and scaffolds; and should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards.    (Ex. C3A/14-15).    The ALJ found both of these opinions "persuasive in part" and explained how she used them to craft Plaintiff's RFC as follows:

> The undersigned used fewer environmental limitations [than those opined by the state agency physical reviewers] in the finding.    This better account[ed] for the above-explained findings about nonsevere cardiopulmonary, gastrointestinal, skin, and headache impairments; the record is more consistent with finding that those impairments are nonsevere. The undersigned also removed some of the suggested postural limits to better account for the above-outlined factors like the evidence of improvement and the benign range-of-motion signs, . . . but added limits to kneel, crouch, and crawl to better account for the subjective pain and the additional pain management evidence in the updated records[.]

(R. 26-27) (citations omitted).    This adequately explained why Plaintiff's RFC included no environmental limitations and fewer postural limitations than opined by these sources. Further, the VE hypothetical included the more extreme environmental limitations opined by state agency physical reviewer Dr. Isabella M. Picciotti, M.D., and thus the ALJ's explanation that the RFC included "fewer environmental limitations" logically flows from this analysis.

While "fewer" may have been a confusing choice of wording for the ALJ to use given that the RFC finding contained not fewer but *no* environmental limitations, the Court finds this was, at most, harmless error and declines Plaintiff's invitation to remand this decision "in quest of a perfect opinion."    *Poole v. Kijakazi*, 28 F.4th 792, 797 (7th Cir. 2022) (quotations and citations omitted).    A VE hypothetical that is more inclusive of limitations than the RFC is generally not cause for remand as it evokes jobs that would be available to an individual who is also less limited.    *See Boothby v. Saul*, No. 19-119, 2020 WL 709504, at *4 (W.D. Pa. Feb. 12, 2020); *see also Hiben v. Kijakazi*, No. 21-1245, 2022 WL 16794557, at *1 n.2 (W.D. Pa. Nov. 8, 2022) (stating "an ALJ's presentation of certain limitation(s) to a VE in a hypothetical does not mean the ALJ must then include that limitation in the RFC"). Accordingly, the Court finds remand is not warranted on this point.

The Court also finds no merit in Plaintiff's argument that the ALJ erred in assessing the severity of his mental impairments at Step Three.   (Doc. No. 10 at 30-31). Specifically, Plaintiff takes issue with the ALJ's analysis of the four broad functional areas (the "Paragraph B Criteria") and contends that the ALJ erred by finding that his anxiety, depression, and panic disorder caused minimal limitations in these areas.   (*Id.*).   Plaintiff contends that the ALJ erred by finding he had no limitation in his ability to adapt and manage himself, as his records show that he experienced frequent panic attacks, resulting in emergency room visits, and that he cannot adapt or change in stressful circumstances. (*Id.* at 31).   Further, Plaintiff argues the ALJ erred by finding he had only a mild limitation in ability to interact with others, as his panic attacks are triggered by interaction and by failing to adopt the limitations opined by the state agency reviewers in this area.   (*Id.*). For the following reasons, the Court views these arguments as requests to reweigh the evidence as the ALJ thoroughly explained her analysis of the Paragraph B Criteria.

As to adapting and managing himself, the ALJ explained that Plaintiff's objective medical signs generally included no confirmation for panic attacks, normal thought processes and thought content signs.   (R. 22).   The ALJ acknowledged Plaintiff's testimony that he experiences panic attacks but explained that the record did not show mental inpatient treatment and that Plaintiff reported he was not in regular outpatient counseling.   (R. 22-23, 25).   All together, this supported the ALJ's finding that Plaintiff had no limitation in his ability to adapt and manage himself.

As to interacting with others, the ALJ found Plaintiff had only a mild limitation in this area, as his medical records showed normal mood signs and the medical sources generally reported that Plaintiff had no deficits in ancillary signs, such as speech, eye contact, behavior, and cooperation.   (R. 21).   The ALJ acknowledged that Plaintiff reported experiencing fear or panic around people, but ultimately concluded that the Plaintiff had only a mild limitation in this area in light of all the evidence.   (*Id.*).   Plaintiff points to no evidence that the ALJ did not consider and changes this analysis.

Lastly, the Court declines to accept Plaintiff's invitations to reverse and award him benefits and, in the alternative, to remand for further consideration.   (Doc. No. 10 at 33-36).   Plaintiff contends that reversal and benefits are justified because the VE testimony from his first hearing, relating to a previously remanded decision, was not sufficient to meet Step Five.   (*Id.*).   Specifically, the VE who, when presented with a "more complete RFC, as was assessed after the first hearing," identified the jobs of Toll Collector, with 6,000 positions in the national economy; Election Clerk, with 5,700 positions available; Eyeglass Frame Polisher, with 1,200 positions in the national economy; and Credit Clerk, with 2,000 available jobs.   (*Id.* at 34).   The Court acknowledges that this is a modest number of jobs in the national economy but notes that the United States Court of Appeals for the Third Circuit stated that "there is no precise estimate for what constitutes 'significant numbers' of jobs under the Social Security Act."   *Young v. Astrue*, 519 Fed.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment

(Doc. No. 12) is GRANTED.

s/Mark R. Hornak
Chief United States District Judge

ecf:          Counsel of record

---

Appx. 769, 772 (3d Cir. 2013) (citation omitted).   Moreover, the Court need not decide this issue because these identified jobs pertain to a different RFC than that adopted by the ALJ in the decision on appeal.   (R. 22-29).   In the decision before the Court, the VE identified the jobs of Storage Facility Rental Clerk, Router, and Cafeteria Worker.   (R. 29).   These jobs have 58,700, 25,100, and 19,000 jobs available in the national economy, respectively.   (*Id.*).   These numbers are sufficient to meet Step Five, as they exist in significant numbers in the national economy.   *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (cited by *Young*, 519 Fed. Appx. 769, 772 (3d Cir. 2013)) (holding that vocational expert testimony that there were 10,000 jobs nationally was sufficient to show a "significant number").   As explained above, the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence.   As such, the Court cannot remand or reverse for award of benefits.   *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).

All told, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.